**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:13-cv-86-FDW**

| | |
|---|---|
| HOBERT GREGORY REDMON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | )     **ORDER** |
| CARLTON JOYNER, Administrator, | ) |
| Harnett Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

    **THIS MATTER** comes before the Court on Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254, and on Respondent's Motion for Summary Judgment. (Doc. No. 9).

## I.    BACKGROUND

    Petitioner is a prisoner of the State of North Carolina, who, on October 8, 2012, in Iredell Superior Court, pled guilty to two counts of sexual offender on school grounds, and was sentenced pursuant to the exact terms of his plea bargain, to two consecutive sentences of 25-30 months imprisonment, in cases 11 CRS 55757-58. See (Doc. Nos. 10-2; 10-3; 10-4). Petitioner was represented by Mr. William M. Willis, IV, and did not appeal. On or about March 11, 2013, Petitioner filed a pro se motion for appropriate relief ("MAR") in Iredell County Superior Court. (Doc. No. 1-1 at 18). On March 22, 2013, the MAR Court denied the MAR. (Id. at 41). On May 1, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Id. at 1). On May 16, 2013, certiorari was denied. (Id. at 42).

Petitioner placed the petition in the prison system for mailing on June 11, 2013, and it was stamp-filed in this Court on June 12, 2013. On June 27, 2013, this Court entered an Order requiring Respondent to answer or otherwise response to the petition. (Doc. No. 5). On July 16, 2013, Respondent filed the pending motion for summary judgment. (Doc. No. 9). On July 17, 2013, this Court issued an Order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 11). Petitioner has now filed a response to the summary judgment motion, and the matter is ripe for disposition. (Doc. No. 13).

Petitioner brings the following grounds for relief in his Section 2254 petition: (1) his constitutional right to have a jury determine aggravating factors was violated; (2) his convictions are "ex post facto" because the crimes he committed were not crimes because he had permission to be on school grounds to pick up his son; and he was entitled to the benefit of amended sentencing guidelines; (3) he was incompetent and had diminished capacity when he rendered his guilty plea, thus making it unknowing and involuntary; and (4) he received ineffective assistance of counsel because counsel did not inform him of his right to appeal, did not get a competency report, did not know about the alleged ex post facto violation, did not use a defense of justification, never received discovery, and did not investigate at the critical stages of the proceedings.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); <u>United States v. Lee</u>, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible

inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]" Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v.

Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 U.S. at 405). A state court unreasonably applies federal law when it "identifies the correct governing legal rule from th[e Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case." Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300–01 (stating that a state court unreasonably applies federal law when it "extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply[ ]") (citation and quotation marks omitted).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410. The former requires a "substantially higher threshold" to obtain relief than does the latter. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's determination that a claim fails on its merits cannot be overturned by a federal habeas court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A habeas court, therefore, must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Richter, 131 S. Ct. at 786. A petitioner has the burden of establishing that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786–87.

### III.     DISCUSSION

### A.  Petitioner's Ground One

In Ground One, Petitioner contends that his constitutional right to have a jury, rather than

a judge, determine the aggravating factors was violated.  Petitioner raised the substance of

Ground One in his MAR, and the MAR Court summarily denied the MAR on the merits.  The

MAR Court's decision was neither contrary to, nor an unreasonable application of, clearly

established federal law, as determined by the U.S. Supreme Court, nor was the MAR Court's

order based on an unreasonable determination of facts, in light of the evidence presented in the

state court proceedings.  The Supreme Court has noted that:

> [t]he representations of the defendant, his lawyer, and the prosecutor at [a plea]
> hearing, as well as any findings made by the judge accepting the plea, constitute a
> formidable barrier in any subsequent collateral proceedings.  Solemn declarations
> in open court carry a strong presumption of verity.  The subsequent presentation
> of conclusory allegations unsupported by specifics is subject to summary
> dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Here, by entering his knowing, voluntary,

counseled guilty plea, pursuant to a specific plea bargain calling for him to stipulate to an

aggravated range sentence totaling 50-60 months, which Petitioner, in fact, received, he waived

his right to have a jury determine aggravating factors.  Absent compelling circumstances not

shown here, Petitioner is bound by his solemn in-court representations during the plea colloquy.

   In sum, Petitioner's Ground One is dismissed.

### B.  Petitioner's Ground Two

In Ground Two, Petitioner contends that his convictions violated his right against ex post

facto laws because the crimes he committed were not crimes because he had permission to be on

school grounds to pick up his son.  Petitioner also contends that his sentence should have been

lower under amended sentencing guidelines.  First, as to Petitioner's "ex post facto" claim, because Petitioner entered a knowing, voluntary, counseled guilty plea, admitting that he was in fact guilty of the crimes charged, he has waived the right to bring his current ex post facto claim. The Court further notes that, although Petitioner argued in his MAR that he had permission to pick up his son and therefore entering school grounds was justified, Petitioner does not appear to have raised this claim as a federal, constitutional ex post facto violation in his MAR.  In any event, the MAR Court's denial of an ex post facto claim by Petitioner would not have been contrary to nor an unreasonable application of clearly established Supreme Court law.  An ex post facto violation generally occurs when a law punishes as a crime an act previously committed, which was innocent when done.  See Weaver v. Graham, 450 U.S. 24, 28-29 (1981). Here, it was illegal under North Carolina at the time of Petitioner's conduct for a sex offender to enter school grounds.  See N.C. GEN. STAT. § 14-208.18.  Thus, there simply was no law enacted ex post facto that made Petitioner's conduct illegal.

Next, Petitioner's assertion that he should have been sentenced under new, more lenient sentencing guidelines, i.e., the December 1, 2011, amendments to the North Carolina Structured Sentencing Act ("SSA), was waived by his knowing, voluntary, counseled guilty plea.[1] Moreover, Petitioner did not raise this contention in his MAR.  If Petitioner were to raise this claim in a subsequent MAR, it would be procedurally barred.  See N.C. GEN. STAT. § 15A-1419(a)(1) and (b).  Finally, Petitioner's assertion is also without merit.  Petitioner committed his

---

[1]   Furthermore, to the extent Petitioner is alleging a violation of state law, it is not cognizable on federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law.").

offenses on August 23 and 31 of 2011.  (Doc. No. 10-2 at 2).  Therefore, the earlier 2009 version

of the SSA applied to his case.  <u>See</u> N.C. GEN. STAT. § 15A-1340.17(c) and (e) (2009).  The

December 1, 2011, amendments to the SSA grids were specifically made <u>prospective</u> only for

offenses committed "on or after that date."  <u>See</u> N.C. GEN. STAT. § 15A-1340.17 (2011).  In sum,

this claim is without merit.

In sum, Petitioner's Ground Two is dismissed.

### C.  Petitioner's Ground Three

In Ground Three, Petitioner contends that he was incompetent and had diminished

capacity and could not have entered a voluntary, knowing, or understanding guilty plea.  To

support this contention, Petitioner states that he has had mental problems all his life with

numerous hospitalizations, and he brought this to the Court's attention but was ignored.  (Doc.

No. 1 at 8).  He also claims he has an IQ of 60 so he could not have entered a voluntary, knowing

plea, understanding the consequences.  (<u>Id.</u>).

Petitioner raised the substance of Ground Three in his MAR.  The MAR Court's

summary denial was neither contrary to nor an unreasonable application of clearly established

Supreme Court law.  As noted above, under clearly established Supreme Court law, solemn

declarations made at a plea hearing in open court carry a strong presumption of verity, and

subsequent, conclusory allegations are subject to summary dismissal.  <u>Allison</u>, 431 U.S. at 73-

74.  Here, Petitioner's assertion that he was incompetent and had diminished capacity and could

not have entered a voluntary guilty plea is an unsupported, conclusory assertion.  Furthermore,

Petitioner swore, under oath, in open court that he could hear and understand the trial court and

that he was not under the influence of alcohol, drugs, medicines, pills, or any other substances.

The trial court listened to Petitioner's responses, observed his demeanor, and specifically found

that he was competent to stand trial.  (Doc. No. 10-2 at 3).   Here, the MAR Court's denial of

Ground Three was neither contrary to nor an unreasonable application of clearly established

Supreme Court law.

In sum, Petitioner's Ground Three is dismissed.

### D.  Petitioner's Ground Four

In Ground Four, Petitioner contends that he received ineffective assistance of trial

counsel because counsel (1) did not inform Petitioner of his right to appeal; (2) did not get a

competency report; (3) did not know about the ex post facto violation; (4) did not assert the

defense of justification; (5) never received discovery; and (6) did not investigate at critical stages

of the proceedings.  Except for the assertion regarding counsel's alleged failure to advise

Petitioner of his right to appeal, Petitioner raised all of his ineffectiveness assertions in his MAR,

and the MAR Court denied the claims on the merits.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal

prosecutions the accused has the right to the assistance of counsel for his defense.  <u>See</u> U.S.

CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish

deficient performance by counsel and, second, that the deficient performance prejudiced

Petitioner.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).  In making this

determination, there is "a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance."  <u>Id.</u> at 689; <u>see also</u> <u>United States v. Luck</u>, 611 F.3d 183,

186 (4th Cir. 2010).  Furthermore, in considering the prejudice prong of the analysis, the Court

"can only grant relief under . . . <u>Strickland</u> if the 'result of the proceeding was fundamentally

unfair or unreliable.'"  <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998) (quoting <u>Lockhart v.</u>

<u>Fretwell</u>, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden

of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Petitioner has failed to show either a professional dereliction or prejudice from counsel's representation. Therefore, the MAR Court's denial of Petitioner's ineffective assistance of counsel claims was neither contrary to nor an unreasonable application of clearly established Supreme Court law. As Respondent notes, the plea transcript simply contradicts all of Petitioner's ineffective assistance of counsel claims. That is, Petitioner swore under oath that he had discussed his case with his lawyer, that he understood the nature of the charges, including every element of each charge, that he and his lawyer had discussed possible defenses, and that he was, in fact, guilty of the charges against him. (Doc. No. 10-2 at 2). Petitioner also swore that he was satisfied with his lawyer's legal services. (Id.). Petitioner is deemed bound by his solemn, in-court representations.

Next, as for Petitioner's contention regarding counsel's alleged failure to notify Petitioner of his right to appeal, as noted, Petitioner did not raise this contention before the MAR Court. Even if Petitioner had raised this contention, a denial by the MAR Court would have been neither contrary to nor an unreasonable application of clearly established Supreme Court law. Here, the transcript of plea shows that the trial court specifically advised Petitioner in open court that Petitioner had the right to appeal and informed Petitioner that, by entering his guilty plea, there would be limitations on that right. (Id.). Petitioner entered a guilty plea and received the exact sentence specifically called for in his plea bargain. Respondent notes that, under the terms of the plea bargain, the State agreed to dismiss the habitual felon indictment. (Doc. No. 10-2 at

3). Respondent states that if Petitioner had been tried as a habitual felon and convicted of both counts of being a sexual offender on school grounds, these two Class H felonies would have been enhanced to Class C status, and each offense would have carried a maximum possible sentence of 182-228 months, or a total possible consecutive sentence of 364-456 months. Respondent contends that Petitioner, therefore, received a very favorable plea bargain. This Court agrees and finds that, under these circumstances, defense counsel had no objectively reasonable basis for conducting a more detailed or thorough conversation with Petitioner about his appellate rights. See Roe v. Flores-Ortega, 528 U.S. 470, 479-87 (2000) (whether a defendant receives a sentence pursuant to his plea bargain and expresses no desire to appeal, and whether counsel has reason to believe a rational defendant would want to appeal, are non-exclusive factors to consider in determining whether counsel acted reasonably in not advising defendant about appellate rights).

In sum, for the reasons stated herein, all of the claims of ineffective assistance of counsel in Ground Four shall be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1.      Respondent's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED** and the Section 2254 petition is dismissed with prejudice.

2.      It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 1, 2013

Frank D. Whitney
Chief United States District Judge